91 Cal.Rptr.2d 749 (2000)
77 Cal.App.4th 431
Clarence ALBERTSON, Petitioner,
v.
The SUPERIOR COURT of Ventura County, Respondent.
The People, Real Party in Interest.
No. B135604.
Court of Appeal, Second District, Division Six.
January 5, 2000.
Review Granted March 29, 2000.
*750 Kenneth Clayman, Public Defender, County of Ventura, Todd W. Howeth, Deputy Public Defender, for Petitioner.
No appearance for Respondent.
Michael D. Bradbury, District Attorney, County of Ventura, David Lehr, Deputy District Attorney, for Real Party in Interest.

OPINION AND ORDER
YEGAN, J.
This is a companion case to Sporich v. Superior Court (2000) 77 Cal.App.4th 422, 91 Cal.Rptr.2d 752. In Sporich, we concluded that the order requiring further mental examinations was erroneous. The rule and rationale of that opinion applies here and the order requiring petitioner Albertson (hereafter, petitioner) to submit to further mental examination must also be vacated.
In addition, respondent court ordered that the People be given direct access to all of petitioner's mental health records at the Department of Mental Health. As we shall explain, this sweeping order literally erases the confidentiality provisions of Welfare and Institutions Code, section 5328.[1] Where, as here, the judiciary is called upon to construe a statute, it should do so with scalpel, not a meat cleaver.
The Sexually Violent Predators Act (SVP) contemplates that the psychological or psychiatric "evaluation reports and any other supporting documents shall be made available to" the district attorney. (§ 6601 subds. (d), (h).). The evaluating doctors, in determining whether there are "diagnosable mental disorders" are required to consider the "psychosexual history, type, degree, and duration of sexual deviance, and the severity of the mental disorder." (§ 6601 subd. (c))
The district attorney theorizes that these statutory provisions evidence a legislative intent that the two evaluating doctors have unfettered access to all of petitioner's mental health records prior to trial. The district attorney also theorizes that this access to mental health records is broad enough to include petitioner's actual treatment, i.e. "services provided" to alleviate or cure the mental disorder. He opines that since the doctors have such access, so should he and that any confidential matter is simply outweighed by the societal goal of protection of the public. From these premises, the district attorney contends that there was nothing improper in his successfully serving a subpoena duces tecum on the Department of Mental Health.
Petitioner claims that direct access to his mental health records eviscerates section *751 5328 and allows direct access to both past mental health records as well as any new mental health records generated during the time the SVP is pending in the superior court. Petitioner concedes that mental health records generated while confined in state prison are not confidential. However, he argues that any post prison confinement must, of necessity, be premised upon "treatment" and that mental health records generated after the SVP initial evaluations are related to and must be deemed as "services provided" within the meaning of section 5328.
The Legislature has created 21 exceptions to the confidentiality provisions and there is no specific exception carved out for the district attorney in SVP proceedings. As indicated in the companion Sporich case, the trial court has no power to create discovery rights not afforded by statute. (Sporich, maj. opn. at pp. 426-427, 91 Cal.Rptr.2d 752.)
As in Sporich, there is no obvious answer to this dispute until one is created by the Legislature. We once again, take the statute as we find it. (Sporich, maj. opn. at pp. 426-427, 91 Cal.Rptr.2d 752.) We do point out that even the Department of Mental Health recognizes that some consultations with patients are confidential and others are not. As indicated in Sporich, in the "Notification of Evaluation as a Sexually Violent Predator," the evaluating doctors give express written notice that "the purpose of this examination is not treatment." (Sporich, Appen. A, para. 1, at p. 430, 91 Cal.Rptr.2d 752.) This serves as a warning to the suspected SVP that statements made to the evaluator are not confidential. This is to be contrasted with other consultations where treatment is provided and which is presumptively confidential.
As indicated, section 5328 provides for confidentiality of records obtained in the course of providing services. There is one theoretical vehicle for disclosure to the People: Section 5328, subdivision (f) allows disclosure "[t]o the courts, as necessary to the administration of justice." Thus, there is no impediment to petitioner's mental health files being transmitted to the trial court. Thereafter, disclosure could be made to the People if such were "necessary to the administration of justice.".
We need not decide whether the trial court's order also impinged upon the patient-physician and patient-psychotherapist privileges. (Evid.Code, §§ 994, 1014.) Those issues were not ruled upon by the trial court. We do observe, however that these privileges operate wholly independent of the confidentiality provisions of section 5328. (People v. Pack (1988) 201 Cal.App.3d 679, 684, 248 Cal.Rptr. 240; Gilbert v. Superior Court (1987) 193 Cal. App.3d 161, 238 Cal.Rptr. 220; Boling v. Superior Court (1980) 105 Cal.App.3d 430, 443, 164 Cal.Rptr. 432.) Whether these privileges have any application in SVP proceedings is a matter which should be determined in the first instance by the Legislature. (See Evid.Code section 1017 subd. (b) [no patient-psychotherapist privilege in mentally disordered offender proceedings].)
The only matter which we must decide and which we do decide is that the Department of Mental Health should not directly transmit petitioner's mental health records to the district attorney in SVP proceedings. To the extent that these mental health records are generated in the course of providing mental health services, i.e. treatment, they are confidential within the meaning of section 5328.
Let a writ of mandate issue commanding respondent court to set aside its orders requiring further mental health examinations and allowing the district attorney to have direct access to petitioner's mental health records. The subpoena duces tecum is quashed and the district attorney is ordered to return the subpoenaed records to the Department of Mental Health.
GILBERT, P.J., and COFFEE, J., concur.
NOTES
[1] All further statutory references are to the Welfare and Institutions Code. Section 5328 states: "All information and records obtained in the course of providing services under Division 4 (commencing with Section 4000), Division 4.1 (commencing with Section 4400), Division 4.5 (commencing with Section 4500), Division 5 (commencing with Section 5000), Division 6 (commencing with Section 6000), or Division 7 (commencing with Section 7100), to either voluntary or involuntary recipients of services shall be confidential. Information and records obtained in the course of providing similar services to either voluntary or involuntary recipients prior to 1969 shall also be confidential."